1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   MOODY WOODROW TANKSLEY,              No.  2:21-cv-02225 KJM AC (PS)
12                  Plaintiff,
13        v.                              ORDER
14   SACRAMENTO COUNTY POLICE
     DEPT., J. HON.,
15
                     Defendants.
16
17

18        Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the

19   undersigned by E.D. Cal. 302(c)(21).  Plaintiff filed a request for leave to proceed in forma

20   pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C.

21   § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

22                                  I.  SCREENING

23        A.      Standards

24        The federal IFP statute requires federal courts to dismiss a case if the action is legally

25   "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

27   Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting

28   the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

                                        1

1  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

2  policies/current-rules-practice-procedure/federal-rules-civil-procedure.

3      Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and

4  plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this

5  court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled

6  to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief

7  sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly.

8  Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in

9  the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),

10 Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

11     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12 Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the

13 court will (1) accept as true all of the factual allegations contained in the complaint, unless they

14 are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

15 plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von

16 Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.

17 denied, 564 U.S. 1037 (2011).

18     The court applies the same rules of construction in determining whether the complaint

19 states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

20 must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

21 construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a

22 less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520

23 (1972). However, the court need not accept as true conclusory allegations, unreasonable

24 inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618,

25 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice

26 to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

27 556 U.S. 662, 678 (2009).

28 ////

1      To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

2  state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570.  "A claim has

3  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

4  reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at

5  678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

6  to amend, unless the complaint's deficiencies could not be cured by amendment.  <u>See Noll v.</u>

7  <u>Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in

8  <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir.2000)) (en banc).

9      B.  <u>The Complaint</u>

10      Plaintiff sues the Sacramento County Police Department, Mr. J. Honor (Chief), Officers

11  John Doe, and Officers Jane Doe.  ECF No. 1 at 6.  Plaintiff checks the box on his form

12  complaint indicating that this case is brought pursuant to 28 U.S.C. § 1331.  <u>Id.</u>  The contents of

13  plaintiff's complaint appear to allege police violation of state laws due to corruption.  <u>Id.</u> at 3.

14  Plaintiff checks a box that reads "threat to safety."  <u>Id.</u>  However, the court cannot decipher any

15  specific allegations because the handwriting throughout the complaint is extremely difficult to

16  read and is illegible in many places, particularly in the supporting fact section and the request for

17  relief section.  <u>Id.</u> at 3, 6.

18      C.  <u>Discussion</u>

19      The complaint does not contain a "short and plain" statement setting forth the basis for

20  federal jurisdiction, plaintiff's entitlement to relief, or the relief that is sought, even though those

21  things are required by Fed. R. Civ. P. 8(a)(1)-(3).  The exact nature of what happened to plaintiff

22  is unclear from the complaint because the court is unable to read most of what is written due to

23  illegible handwriting.  The court cannot tell from examining the complaint what legal wrong was

24  done to plaintiff, by whom and when, or how any alleged harm is connected to the relief plaintiff

25  seeks.

26      Accordingly, the complaint does not comply with Fed. R. Civ. P. 8.  Rather than

27  recommending dismissal of the action, the undersigned will provide plaintiff an opportunity to

28  amend his complaint and submit it in a format that the court can read.

3

1

## II.  AMENDING THE COMPLAINT

2  If plaintiff chooses to amend the complaint, the amended complaint must allege facts

3 establishing the existence of federal jurisdiction.  In addition, it must contain a short and plain

4 statement of plaintiff's claims.  The allegations of the complaint must be set forth in  sequentially

5 numbered paragraphs, with each paragraph number being one greater than the one before, each

6 paragraph having its own number, and no paragraph number being repeated anywhere in the

7 complaint.  Each paragraph should be limited "to a single set of circumstances" where

8 possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their

9 complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor

10 (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

11  Plaintiff must submit the amended complaint in a readable format, either type-written or

12 clearly hand-printed.  Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff

13 must avoid narrative and storytelling.  That is, the complaint should not include every detail of

14 what happened, nor recount the details of conversations (unless necessary to establish the claim),

15 nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint

16 should contain only those facts needed to show how the defendant legally wronged the plaintiff.

17  The amended complaint must not force the court and the defendants to guess at what is

18 being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

19 (affirming dismissal of a complaint where the district court was "literally guessing as to what

20 facts support the legal claims being asserted against certain defendants").  The amended

21 complaint must not require the court to spend its time "preparing the 'short and plain statement'

22 which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not

23 require the court and defendants to prepare lengthy outlines "to determine who is being sued for

24 what." Id. at 1179.

25  Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's

26 amended complaint complete.  An amended complaint must be complete in itself without

27 reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended

28 complaint supersedes the original complaint.  See  Pacific Bell Tel. Co. v. Linkline

1  Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

2  supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &

3  Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an

4  original complaint, each claim and the involvement of each defendant must be sufficiently

5  alleged.

6  III.  PRO SE PLAINTIFF'S SUMMARY

7      It is not clear that this case can proceed in federal court.  The court cannot tell from your

8  complaint what legal harm was done to you, because it cannot read your handwriting.  Because

9  the complaint is not readable and does not make understandable claims against identifiable

10  defendants, it will not be served.  Your lawsuit cannot proceed unless you fix the problems with

11  your complaint.

12      You are being given 30 days to submit an amended complaint that provides a proper basis

13  for federal jurisdiction.  If you submit an amended complaint, it needs to explain in simple terms

14  what laws or legal rights of yours were violated, by whom and how, and how those violations

15  impacted you.  It needs to be written clearly so that the court and all parties can read it.  Without

16  the necessary information clearly written, the court cannot tell what legal claims you are trying to

17  bring against the defendants.  If you do not submit an amended complaint by the deadline, the

18  undersigned will recommend that the case be dismissed.

19  IV.  CONCLUSION

20      Accordingly, IT IS HEREBY ORDERED that:

21  1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

22  2.  Plaintiff shall have 30 days from the date of this order to file an amended complaint that

23      complies with the instructions given above.  If plaintiff fails to timely comply with this

24      order, the undersigned may recommend that this action be dismissed.

25  DATED: December 7, 2021

26

27  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

28