UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY WOODROW TANKSLEY,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY POLICE DEPT.; J. HON.,<br><br>Defendant. | No. 2:21-cv-02225 KJM AC (PS)<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff previously filed a request for leave to proceed in forma pauperis ("IFP") (ECF No. 2) and that request was granted (ECF No. 4). See 28 U.S.C. § 1915(a)(1). Plaintiff's initial complaint was rejected on screening and plaintiff was given leave to file an amended complaint. ECF No. 4. A first amended complaint ("FAC") was filed on January 19, 2022. ECF No. 5. That complaint is now before the court for screening. Based on the facts alleged in the FAC, the undersigned recommends this case be dismissed without further leave to amend because the facts cannot support a claim that would entitle plaintiff to relief.

### I. THE SCREENING REQUIREMENT

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

1

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

2       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
3  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
4  court will (1) accept as true all of the factual allegations contained in the complaint, unless they
5  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
6  plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von
7  Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.
8  denied, 564 U.S. 1037 (2011).

9       The court applies the same rules of construction in determining whether the complaint
10  states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
11  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
12  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
13  less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
14  (1972).  However, the court need not accept as true conclusory allegations, unreasonable
15  inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
16  624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice
17  to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
18  556 U.S. 662, 678 (2009).

19       To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
20  state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has
21  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
22  reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at
23  678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
24  to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.
25  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in
26  Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).
27  ////
28  ////

## II.  THE COMPLAINT

Plaintiff sues the Sacramento County Police Department (sic); J. Hon, Sacramento County Police Chief (sic); and unnamed officers.  ECF No. 5 at 1-2.  Plaintiff checks the box "federal question" as the basis for federal court jurisdiction.  Id. at 3.  Plaintiff alleges "the Defendants attempted to kill this plaintiff with blood clots in legs assisted in medical doctors report" and references a medical report from "U.C. Davis Emergency Hospital" attached to his complaint.  Id. at 4.  Plaintiff alleges that he was denied help by Sacramento police officers in response to a "911" call, preventing him from getting treatment for potentially fatal blood clots in the legs.  Id. at 5.

## III.  DISCUSSION

Plaintiff's complaint must be dismissed without further leave to amend because, because the facts alleged do not support any claim for relief.  Plaintiff alleges in sum that he called 911 and did not receive the desired response from officers.  Although the complaint does not invoke any particular law or constitutional provision, or provide details of the alleged incident, it is clear that the gravamen of the complaint provides no basis for a cause of action that can proceed in this court.  That is because the Constitution "confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests[.]"  DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989).

"As a general rule, members of the public have no constitutional right to sue state employees who fail to protect them against harm[.]"  L.W. v. Grubbs, 974 F.2d 119, 121 (9th Cir. 1992).  There are two recognized exceptions to this general rule: where there is a "special relationship" between the member of the public and the state employee, or where the state officer created the danger at issue ("danger creation" exception).  Id.  Plaintiff does not allege facts that would support the existence of any special relationship.  Based on the facts stated, he was simply a civilian who called 911 for medical help.  The attached medical records list plaintiff's home address (e.g., ECF No. 5 at 19), indicating that plaintiff was not being held in any type of state-run facility when 911 was called.  Nor does the "danger creation" exception apply to this situation; any danger to plaintiff's health or life was created by plaintiff's own body, not by any

acts of the police or 911 emergency response system.

Failure of police to respond to a 911 call for medical assistance does not give rise to any federal cause of action that the court is aware of, and plaintiff identifies none. Moreover, it is apparent from the attached medical records that plaintiff received emergency medical care on the dates in question, as well as follow-up care. Accordingly, this case should be dismissed without further leave to amend.

## IV.  CONCLUSION

For the reasons explained above, IT IS HEREBY RECOMENDED that the operative First Amended Complaint (ECF No. 5) be dismissed for failure to state a claim upon which relief can be granted and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 31, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE